IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHON BERRONG, | : | PRISONER CIVIL RIGHTS |
| also known as Shon Berrong, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNNAMED DEFENDANT, | : | CIVIL ACTION NO. |
| Authorized Criminal Justice Agency, | : | 1:15-CV-2497-WSD-JFK |
|     Defendant. | : | |

**UNITED STATES MAGISTRATE JUDGE'S
FINAL REPORT AND RECOMMENDATION**

Plaintiff, Chon Berrong, confined in Hays State Prison in Trion, Georgia, has submitted a *pro se* civil rights complaint. By separate Order Plaintiff was granted *in forma pauperis* status, and the matter is before the Court on the complaint, as amended [4, 6], for screening under 28 U.S.C. § 1915A.

**I.      28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is frivolous when it

"lacks an arguable basis either in law or in fact." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility" and inform the defendant of "the factual basis" for the complaint. Johnson v. City of Shelby, _ U.S. _, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. Franklin v. Curry, 738 F.3d 1246, 1248 (11th Cir. 2013); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations). Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. Bingham, 654 F.3d at 1175. Although courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359,

2

1369 (11th Cir. 1998)) (internal quotation marks omitted), cert. denied, _ U.S. _, 135 S. Ct. 759 (2014).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts plausibly showing that (1) a person acting under color of state law (2) deprived him of a right secured by the Constitution or federal law. Bingham, 654 F.3d at 1175. If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

**II.   Discussion**

Plaintiff's first amended complaint replaces his initial complaint and is the operative complaint in this action. (First Am. Compl., ECF No. 4; see Order at 2, July 23, 2015, ECF No. 3).[1] Plaintiff brings this action against VOYA Financial, Metro Atlanta Ambulance Service, Travelers Insurance, Wilson and Associates, and Mark Gannon. (First Am. Compl. at 1 and ¶ III). Plaintiff alleges (1) that he pled guilty to

---

[1] Plaintiff also has filed a second amended complaint which discusses the court's grant of *in forma pauperis* status and does not state any viable claim based thereon. (See Am. Compl., ECF No. 6). Additionally, Plaintiff has submitted notice of filing an answer and cross claim, which purports to be an answer by Travelers Insurance. (Notice, ECF No. 5). Neither of these filings present a viable amended complaint, and they are not further addressed.

3

driving under the influence, (2) that he was not guilty, (3) that intentional emotional distress caused a skin disorder, (4) that there was insufficient service of process in regard to a "citation duplication from the City of Kennesaw," (5) that he was in an automobile accident, (6) that the ambulance engineer left the scene of the accident and he was abandoned to the City of Kennesaw Police, and (7) that he was delivered to the Cobb County Jail "to prove my claim by getting physical sick with a skin disorder that could have cost me my arm and/or my life[.]" (Id. ¶ IV). Plaintiff seeks ten million dollars in damages. (Id. ¶ V).

Even if a plaintiff alleges a constitutional violation, a complaint fails to state a claim against a defendant when it "fails to allege facts that associate [the defendant] with [the alleged] violation." Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008). Further, to succeed on a civil rights claim against a private party, the private party must qualify as a state actor – "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (internal quotation marks omitted) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)). Three tests exist for "determining whether the actions of a private entity are properly attributed to the state" – the public function, state compulsion, and nexus/joint actions tests. Id.

4

> The public function test limits state action to instances where private actors are performing functions "traditionally the exclusive prerogative of the state." The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise."

Id. (quoting Willis v. Univ. Health Servs., Inc., 993 F.2d 837, 840 (11th Cir. 1993)) (alteration in original).

Plaintiff's attempt to state a civil-rights claim fails because he does not show that any of the Defendants qualify as state actors and fails to allege any facts that connect any of the Defendants to the alleged wrongs.  Further, even if Defendant Metro Atlanta Ambulance qualifies as a state actor, (1) Plaintiff alleges nothing to suggest that it directed or was responsible for the ambulance driver abandoning him and (2) Plaintiff's allegations of abandonment and a skin disorder that could have cost him his arm or life are insufficient to show a more than negligent disregard of an objectively serious medical need that left untreated posed a substantial risk of serious harm.  See Bingham, 654 F.3d at 1175-76 (stating that medical care, or lack thereof, does not violate the Eighth Amendment unless the plaintiff shows an objectively serious medical need that left untreated poses a substantial risk of serious harm, the

5

official's subjective knowledge of a risk of serious harm, and disregard of that risk with conduct that is more than negligent).

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that, pursuant to 28 U.S.C. § 1915A, this action be **DISMISSED** for failure to state a claim.

The Clerk is **DIRECTED** to withdraw the reference to the Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 27th day of August, 2015.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

6

AO 72A
(Rev.8/82)