IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHON BERRONG a/k/a SHON
BERRONG,

              Plaintiff,

v.                                   1:15-cv-2497-WSD

UNNAMED DEFENDANT, et al.,

              Defendants.

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Chon Berrong a/k/a/ Shon Berrong's ("Plaintiff") Objections [9, 10] to Magistrate Judge Janet F. King's Final Report and Recommendation [7] ("R&R"), following her review of Plaintiff's Complaints [1, 4, 6][1] pursuant to 28 U.S.C. § 1915A. Also before the Court are Plaintiff's "Motion to Appoint Counsel" [11, 12], "Motion Reserving the Right to File Additional Motions" [17], "Motion to Proceed In Forma Pauperis (IFP %)"

---

[1] Plaintiff, proceeding *pro se*, has filed several documents as amendments to his Complaint. Plaintiff appears to assert claims in his Complaint [1], Amended Complaint [4], and "Civil Rights Complaint Pursuant to 28 U.S.C. § 1331" [6]. In light of his *pro se* status, the Court construes these documents together, and as a whole. Plaintiff also submits several letters and filings [9, 10] to the Clerk of Court, which the Court construes together as Plaintiff's Objections.

[19], and "Order to Show Cause for an [sic] Preliminary Injunction & A Temporary Restraining Order" [20].

## I.     BACKGROUND

On July 13, August 3, and August 10, 2015, Plaintiff, incarcerated at the Hays State Prison in Trion, Georgia, filed his Complaints under 42 U.S.C. § 1983, asserting a variety of unintelligible claims against an unnamed employee of "an authorized Criminal Justice Agency," VOYA Financial, Metro Atlanta Ambulance Service, LLC ("Metro Atlanta Ambulance"), "Travelers Insurance, o/b/o," and Brian Owens[2] ("Owens") (together, "Defendants").  Overall, the Complaints are difficult, if not impossible, to discern what claims for relief Plaintiff seeks to assert and against whom he seeks to bring these unspecified claims.

Plaintiff, throughout his Complaints, appears to assert that "as a juvenile," he was involved in an automobile accident and eventually pleaded guilty to driving under the influence.  (See [1] at 5; see also [4] at 4).  Plaintiff claims that after the automobile accident, Metro Atlanta Ambulance "abandon[ed]" him and did not "attempt to transport [him] to the Hospital acting out of the official duties of the Ambulance engineer that left the scene of the accident."  (See [4] at 5).  Plaintiff claims further that the Metro Atlanta Ambulance wrongfully allowed the City of

---

[2]     Owens is the Commissioner of the Georgia Department of Corrections.

Kennesaw Police to "transport [him] to the Hospital" and that he was taken to the hospital "under . . . deliberate indifference of intentional emotional destress [sic] that also caused a skin disorder." (Id.). Plaintiff claims that this "skin disorder could have cost [him] [his] arm and/or [his] life" and that the Metro Atlanta Ambulance wrongfully transported him to "the improper venue court of the Cobb County Jail." (Id. at 6). Plaintiff seeks $10 million in damages for "the intentional medical infliction" and "[p]rays for judgment against the Defendants for any amount paid or payable under any . . . Policy of . . . Insurance." (See [1] at 6; see also [4] at 8).

On July 23, 2015, Magistrate Judge King granted Plaintiff leave to proceed *in forma pauperis* ("IFP").

On August 27, 2015, Magistrate Judge King issued her R&R, recommending that the Complaints be dismissed pursuant to 28 U.S.C. § 1915A because Plaintiff fails to allege facts that connect any of the Defendants to the alleged violations of his constitutional rights, and even if he did, Plaintiff does not allege that any of the Defendants qualify as state actors under 48 U.S.C. § 1983.

On September 8, and 11, 2015, Plaintiff filed his Objections to the R&R.[3]

---

[3]  On November 12, 2015, Plaintiff filed his "Order of Knowledge to All Witnesses Despondant [sic] Unnamed Defendant Plaintiff Re: Request Final Report and Recommendation" [22]. In it, Plaintiff asserts he "written [sic] this

3

On September 14, 2015, Plaintiff filed his "Motion for Appointment of Counsel" [11, 12].

On October 19, 2015, Plaintiff filed his "Motion Reserving the Right to File Additional Motions" [17].

On November 2, 2015, Plaintiff filed his "Motion to Proceed In Forma Pauperis (IFP %)," [19] and his "Order to Show Cause for an [sic] Preliminary Injunction & A Temporary Restraining Order" [20].

## II. DISCUSSION

### A. Legal Standards

#### 1. Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

---

submitted Petition on Defendant [sic] assert: (3) Employee's [sic] 'breach of duty claim' amend.'" (Se [22] at 1). To the extent Plaintiff intended it as a supplement to his Objections, Plaintiff's filing is nonsensical, rambling, and incoherent, and the Court will not consider it. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

4

28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

Plaintiff's Objections, like the rest of his filings, are incoherent.  They do not address the Magistrate Judge's reasons for dismissing Plaintiff's Complaints and instead consist of rambling allegations that are nearly impossible to discern.[4]  See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court.").  These are not valid objections and the Court will not consider them.  The Court reviews the R&R for plain error.

### 2.   Review for Screening Prisoner Civil Rights Actions

The Court is required to conduct an initial screening of a prisoner complaint to determine whether the action is frivolous.  28 U.S.C. § 1915A(a).  Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or

---

[4]   For example, Plaintiff asserts that he "find[s] error because the [Magistrate] Judge failed to show that the results of [his] sobriety test was taken out and merge [sic] does not qualify improper venue to find guilt" and to "refer to maPP's [sic] and was took improper venue to the Court by Office." (Obj. 2-3).

employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either:  (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal for failure to state a claim.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims

"across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

B.  Analysis[5]

1.  Defendants do not qualify as state actors

Section 1983 allows a plaintiff to pursue relief for possible violations of his constitutional rights only against the specific individuals who committed acts that allegedly violated those rights.  Hafer v. Melo, 502 U.S. 21, 27 (1991); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989).  To succeed on a civil rights claim against a private party, Plaintiff must demonstrate that Defendants qualify as state actors under Section 1983.  "Only in rare circumstances can a

---

[5]  The Court notes that Plaintiff merely lists VOYA Financial, "Travelers Insurance, o/b/o," Owens, and Wilson & Associates, LLP as Defendants in the caption of his Complaint.  Where a plaintiff identifies a defendant in the caption of his complaint but fails to allege any specific injury or legal violation committed by that defendant, the plaintiff fails to state a plausible claim for relief that would allow the court to reasonably infer that the captioned defendant is liable to plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Cook v. Suntrust Mortgage, Inc., No. 10-cv-660-WSD, Doc. 4 at 2, n.1 (N.D. Ga. Apr. 26, 2010) (dismissing defendants in part because the complaint only mentioned defendants in the caption but did not allege any facts to support a claim for liability).  Plaintiff identifies these Defendants only in the caption of the Complaint, and does not assert any factual allegations or claims against them.  Plaintiff's claims against these Defendants are dismissed for this reason alone.  See 28 U.S.C. § 1915A(b)(1); see also Iqbal, 556 U.S. at 678.

private party be viewed as a 'state actor' for section 1983 purposes."[6] <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992). It is axiomatic that "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49-50 (1999).

Construing his *pro se* Complaints liberally, and as a whole, the Court agrees with the Magistrate Judge's recommendation that Plaintiff's Section 1983 claims be dismissed because Plaintiff does not allege that any of the Defendants acted under the color of state law or otherwise allege any facts whatsoever to connect any of the Defendants to the allegations he asserts throughout the Complaints.[7]

---

[6] Three tests are used to determine whether the actions of a private party should be attributed to the state: (1) the public function test, which "limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state"; (2) the state compulsion test, which "limits state action to instances where the government has coerced or at least significantly encouraged" the challenged action; and (3) the nexus/joint action test, which applies when "the state has so far insinuated itself into a position of interdependence with the [private party] that it [i]s a joint participant in the enterprise." See <u>Focus on the Family v. Pinellas Suncoast Transit Auth.</u>, 344 F.3d 1263, 1277 (11th Cir. 2003) (citations and internal quotations omitted). Plaintiff does not allege any facts suggesting that any of the tests would be satisfied in this action.

[7] To the extent Plaintiff named Owens as a Defendant, Plaintiff did not assert any specific allegations against him, and even if he did, Plaintiff does not allege that Owens personally participated in or otherwise caused him an alleged constitutional deprivation. See <u>Belcher v. City of Foley</u>, 30 F.3d 1390, 1396 (11th Cir. 1994) ("It is well established in this circuit that supervisory officials are not

See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (finding that even if plaintiff sufficiently alleges a constitutional violation, a complaint cannot state a claim against a defendant when it "fails to allege facts that associate [the defendant] with [the alleged] violation."). Even if Plaintiff alleged facts sufficient to show that Defendant Metro Atlanta Ambulance, a private entity, otherwise qualifies as a state actor under Section 1983, the Court agrees with the Magistrate Judge's finding that Plaintiff does not allege any facts to show that the State directed, or was responsible for the conduct of the ambulance "engineer" Plaintiff asserts "abandoned" him. (See [4] at 5); see also Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (a private entity may be liable as a

---

liable under § 1983 for the unconstitutional acts of their subordinates 'on the basis of *respondeat superior* or vicarious liability.'"); see also Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) ("[S]upervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a casual connection between the actions of a supervising official and the alleged constitutional deprivation.").

To the extent Plaintiff also asserts claims against VOYA Financial and "Travelers Insurance, o/b/o," "[an] [i]nsurance company is not a state actor, [and] it is not subject to suit under § 1983." See Wiley v. American Ins. Co., No. H-11-1144, 2011 WL 4860028 (S.D. Tex. Oct. 12, 2011, at *2); see also Am. Mfrs. Mut. Ins. Co., 526 U.S. at 41 ("A private insurer's decision to seek . . . review of the . . . necessity of the particular medical treatments is not fairly attributable to the State so as to subject the insurer to the Fourteenth Amendment's constraints . . . [s]tate action requires *both* an alleged constitutional deprivation caused by acts taken pursuant to state law *and* that the allegedly unconstitutional conduct be fairly attributable to the State."). Plaintiff fails to state a Section 1983 claim for these additional reasons.

9

"state actor" for a constitutional violation if "the State has coerced or at least significantly encouraged the action alleged to violate the constitution").[8] The Magistrate Judge recommended that Plaintiff's Section 1983 claims be dismissed because Plaintiff fails to allege facts to show that Defendants qualify as state actors or how they are connected to any of the allegations in his Complaints. Plaintiff did not assert a valid objection to this recommendation and the Court finds no plain error in it.

2.   Plaintiff's claim of deliberate indifference[9]

The Magistrate Judge also found that to the extent Plaintiff intends to assert a claim of deliberate indifference against a medical provider or a prison official in Cobb County Jail, or against Metro Atlanta Ambulance, Plaintiff does not allege

---

[8] Some district courts have recognized that "transportation of an individual to a hospital for emergency or psychiatric services has been traditionally a function reserved to the state." See Bayer v. Pocono Med. Ctr., No. 3:13-1900, 2014 WL 3670499, at *7 (M.D. Pa. July 23, 2014); see also Williams v. Richmond Cty., Ga., 804 F. Supp. 1561, 1568 (S.D. Ga. Aug. 26, 1992) (holding that the ambulance service was operated by a private, nonpublic hospital corporation was not a state actor in caring for patient); Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982) (finding that a private entity does not become a state actor just because it receives public funds and performs a function serving the public).

[9] The Court notes Plaintiff does not allege, and it does not appear, that he was a convicted prisoner when the Metro Atlanta Ambulance allegedly transported him to the Cobb County Jail after the automobile accident. Regardless, pretrial detainees "are afforded the same protection as prisoners, and cases analyzing deliberate indifference claims of pretrial detainees and prisoners can be used interchangeably." McDaniels v. Lee, 405 F. App'x 456, 458 (11th Cir. 2010).

any facts that connect Metro Atlanta Ambulance to the allegedly deficient medical care provided to Plaintiff.  See Bingham v. Thomas, 654 F.3d 1171, 1176 (11th Cir. 2011) (a claim for deliberate indifference requires a showing of a "prison official's (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than negligence.").  The Magistrate Judge found further that Plaintiff's conclusory allegations of his skin disorder are insufficient to assert a claim for "cruel and unusual punishment" and fail to overcome the requirements to show a "deliberate indifference to serious medical needs of prisoners."  See Papasan, 478 U.S. at 286; see also Hathcock v. Armor Corr. Health Servs., 186 F. App'x 962, 963 (11th Cir. 2006) (holding that state prisoner's conclusory allegations were insufficient to sustain his claim under § 1983); Cain v. Polen, 454 F. App'x 716, 716 (11th Cir. 2011) (explaining that a prisoner's allegations must offer factual support, conclusory statements are insufficient).[10]  The Magistrate Judge recommended that Plaintiff's Section 1983

---

[10]   The Court notes that, because Plaintiff asserts that he "was taken to a Hospital by report" (See [4] at 5), it appears that Plaintiff was given sufficient treatment in response to his "life-threatening skin disorder," and it cannot be reasonably inferred that Metro Atlanta Ambulance was more than grossly negligent in treating his skin disorder.  The Court notes further that Plaintiff, in his Objections, suggests that his "skin disorder" is actually a staph infection.  (See Obj. [10] at 3).  "Any errors made in diagnosing or treating [a] staph infection [are] the result of anything more than mere negligence, which is not sufficient to state a

11

claims based on this theory of deliberate indifference be dismissed. Plaintiff did not assert a valid objection to this recommendation and the Court finds no plain error in it.

The Court has reviewed the record in this case and, finding no plain error, adopts the findings and recommendations in the R&R. Plaintiff's claims against Defendants are required to be dismissed. See 28 U.S.C. §§ 1915A(b)(1) (providing dismissal of a prisoner's complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted").

Because Plaintiff fails to state a viable claim for relief, his Motions to Appoint Counsel [11, 12], "Motion Reserving the Right to File Additional Motions," [17] "Motion to Proceed In Forma Pauperis (IFP %)," [19] and "Order to Show Cause for an [sic] Preliminary Injunction & A Temporary Restraining Order" [20] are also denied as moot.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Objections [9, 10] are **OVERRULED**.

---

claim for deliberate indifference." Bishop v. Pickens Cty. Jail, et al., 520 F. App'x 899, 901 (11th Cir. 2013).

**IT IS FURTHER ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [7] is **ADOPTED**. Plaintiff's Section 1983 claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's remaining Motions [11, 12, 17, 19, 20] are **DENIED AS MOOT**.

**SO ORDERED** this 26th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE